UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO JOSE MARQUEZ, JR.,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 8:07-CV-385-T-27MAP
Crim Case No. 8:03-CR-392-T-27TBM

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), Petitioner's Memorandum Supporting the § 2255 Motion (CV Dkt. 2), the Government's Motion to Dismiss as Untimely Petitioner's § 2255 Motion (CV Dkt. 8) and Petitioner's Reply in Opposition to Government's Motion to Dismiss (CV Dkt.10). Upon consideration, Petitioner's § 2255 motion is DISMISSED as time barred.

Petitioner was charged in a two count Superceding Indictment with possession with intent to distribute and conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine. (CR Dkt. 24). Pursuant to a written plea agreement, Petitioner pleaded guilty to Count Two. (CR Dkt. 47). Petitioner's plea agreement contained an appeal waiver clause and a factual basis for the charge to which Petitioner pleaded guilty. (CR Dkt. S-1, pp. 13, 15-16). On May 10, 2004, Petitioner was sentenced to 87 months imprisonment, to be followed by 48 months of supervised release. (CR

Dkt. 52). Petitioner did not appeal or request an appeal.[1] Accordingly, Petitioner's conviction became final on May 22, 2004, when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000).

In his § 2255 motion to vacate, Petitioner asserts ineffective assistance of counsel as his only ground for relief,. (CV Dkts. 1, 2). He advances two arguments in support of his claim of ineffective assistance of counsel. *Id.* Because Petitioner's § 2255 motion is time barred, it is unnecessary to address the merits of those arguments.

Petitioner's § 2255 motion was filed February 23, 2007, nearly two years after the one year limitation period for filing a § 2255 motion expired. Anticipating that issue, Petitioner acknowledges in his supporting memorandum that his § 2255 is untimely. (CV Dkt. 2, p. 3). He contends that "his failure to raise the grounds alleged . . . was not due to his culpable negligence, but rather, was upon the ineffective assistance of counsel he received from his attorney . . . ." (CV Dkt. 2, p. 3). Alternatively, he contends that he is actually innocent and that he "can also overcome the procedural bar" by showing "a fundamental miscarriage of justice." (CV Dkt. 2, p. 4).

Petitioner does not further develop his argument that his attorney's ineffectiveness prevented him from filing a timely § 2255 motion. Rather, as reflected in his response to the Government's Motion to Dismiss, Petitioner urges only his actual innocence as an exception to the one year limitation period.

In its Motion to Dismiss, the Government contends that Petitioner's motion is time-barred

---

[1] Although Petitioner asserts that he was advised by his attorney that an appeal was not necessary, he does not contend that he requested his attorney to appeal and that his attorney failed or refused to do so. He relies exclusively on a well written argument that his "actual innocence" supports equitable tolling of the one year statute of limitations. Accordingly, no inquiry is necessary under *Gomez-Diaz v. United States*, 433 F.3d 788, 792-93 (11th Cir. 2005).

and subject to dismissal as a defaulted claim. In response, Petitioner again acknowledges the untimeliness of his § 2255 motion but contends that his actual innocence is an "exception" to the AEDPA's statute of limitation. (CV Dkt. 10, p. 2).

The AEDPA "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:"

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir.2002)(citing 28 U.S.C. § 2255(1)-(4)).

Where, as here, a petitioner raises a claim which is procedurally barred, the petitioner must ordinarily establish one of two exceptions to the procedural default rule. Under the first exception, the petitioner must show "cause" for not raising his claim in a timely manner and "prejudice" from the asserted error. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). Here, Petitioner advances no argument in support of a finding of cause or prejudice. Moreover, nothing in any of Petitioner's pleadings, even when liberally construed, arguably suggests any "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States" which prevented him from filing a timely §2255 motion.

Rather, Petitioner relies solely on his contention that he is actually innocent of the charged

conspiracy and that the one year limitation period should be equitably tolled. Under the actual innocence exception, a petitioner may pursue his § 2255 motion notwithstanding the procedural default, where it is shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004); *Mills v. United States*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also Bousley*, 523 U.S. at 622.

Petitioner's claim of actual innocence is easily disposed of, as there is no evidence of his factual innocence. *See Lynn*, supra at 1235. "This exception is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. at 495-96. "'[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*, 523 U.S. at 623.

Recently, in discussing the "actual innocence" exception as it applied to a state prisoner's § 2254 petition, the Supreme Court reaffirmed that this exception is available only in "extraordinary" cases. *House v. Bell*, __ U.S. __, 126 S.Ct. 2064, 2077 (2005). The Court reaffirmed the standard for the actual innocence exception articulated in *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 2076-77. Petitioner has not done so.

Petitioner presents no new evidence, let alone "reliable new evidence," which supports his claim of actual innocence. He relies only on an argument that his involvement in cocaine distribution was in a capacity of buyer/seller and that he did not conspire with anyone. Regardless,

to overcome his procedural bar, Petitioner must demonstrate not only his actual innocence of the conspiracy to distribute to which he pleaded guilty, but also of the charge the Government moved to dismiss as part of the plea bargain, the possession with intent to distribute. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley, supra* at 623-24. Petitioner cannot establish that he is factually innocent. By virtue of his argument, Petitioner necessarily admits that he is guilty of possession with intent to distribute five (5) or more kilograms of cocaine, the charge he bargained to be dismissed.

Finally, the record refutes Petitioner's claim of actual innocence. During his plea colloquy, while under oath, Petitioner admitted the accuracy of the facts included in his Plea Agreement. (CR Dkts. 47, S-1). Those facts support the conspiracy charge. Additionally, as part of the plea colloquy, Petitioner confirmed under oath that he was pleading guilty voluntarily. (CR Dkt. 47). The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Equitable tolling is to be used only in the most extraordinary circumstances. *House v. Bell, supra* at 2077; *Jones v. United States*, 304 F.3d 1035, 1038-40 (11th Cir. 2002). Petitioner's arguments do not begin to satisfy the *Schlup* standard for application of the actual innocence exception. Accordingly, whether Petitioner exercised due diligence is immaterial. Petitioner's §2255 motion is time barred and must be dismissed.

To the extent Petitioner's *pro se* pleadings may be construed as having pointed to his

attorney's ineffectiveness as a cause for his untimely § 2255 motion, Petitioner confirmed during his plea colloquy that he was satisfied with his attorney's performance. (CR Dkt. 47). Even when his pleadings are construed liberally, Petitioner essentially contends that his attorney was ineffective in not arguing his actual innocence and that ineffective assistance of counsel is the cause of his untimely § 2255 motion. Notwithstanding, he advances no factual argument whatsoever that his attorney's alleged ineffectiveness prevented him from filing a timely § 2255 motion. Although his *pro se* pleadings must be liberally construed, this Court may not read into those pleadings an argument which is not there.

In any event, in order to demonstrate ineffective assistance of counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). He must establish deficient performance and prejudice. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) (*citing Strickland*, 466 U.S. at 687). Here, Petitioner meets neither prong of the *Strickland* test.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Id.* (citing *Chandler*, 218 F.3d at 1315).

As discussed, Petitioner cannot establish factual innocence of the conspiracy or possession charge. He could not, therefore, have been prejudiced by his attorney's alleged deficient performance. Moreover, Petitioner pleaded guilty in the context of a negotiated plea agreement, in

exchange for certain concessions from the Government. Petitioner points to no defect in his attorney's performance which would arguably fall outside the range of reasonably competent counsel.[2]

Finally, there is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Therefore, it is **ORDERED AND ADJUDGED:**

1. The Government's Motion to Dismiss as Untimely Petitioner's § 2255 Motion (CV Dkt. 8) is GRANTED.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DISMISSED as time-barred.

3. The clerk is directed to enter judgment against Petitioner, terminate all pending motions and close this case.

**DONE AND ORDERED** in chambers this 19th day of June, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of record

---

[2] Petitioner's *Apprendi* claim is likewise procedurally defaulted, as he did not pursue a direct appeal. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002). Petitioner does not even attempt to show cause and prejudice for this procedural default.